**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-25-0000127
29-OCT-2025
07:52 AM
Dkt. 82 SO**

NO. CAAP-25-0000127

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

J.F., Petitioner-Appellee,
v.
N.W., Respondent-Appellant

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(CASE NO. 2PP151000137)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Leonard and Guidry, JJ.)

This appeal arises from an order awarding sole custody. We affirm.

Self-represented Respondent-Appellant N.W. (**Mother**) appeals from the February 24, 2025 "Order Re: [Petitioner-Appellee J.F. (**Father**)]'s Motion for Sole Legal and Sole Physical Custody of the Minor Children Filed August 14, 2024" (**Custody Order**), filed by the Family Court of the Second Circuit (**Family Court**).[1]

On appeal, Mother raises four points of error (**POEs**),

---

[1]    The Honorable Lance D. Collins presided.

contending that:  **(1)** "the Family Court abused its discretion by denying [Mother]'s request for court-appointed counsel"; **(2)** "the Family Court erred in failing to appoint a guardian ad litem [(**GAL**)] or custody evaluator despite credible claims of abuse"; **(3)** "the court's procedures violated [Mother]'s due process rights"; and **(4)** "the court showed bias and failed to consider the best interest of the child as required under [Hawaii Revised Statutes (**HRS**)] § 571-46."[2]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Mother's contentions as follows.

On August 14, 2024, Father filed a "Motion for Sole Legal and Sole Physical Custody of the Minor Children" (**Motion for Sole Custody**), which was heard on February 5, 2025.  The court minutes reflect that Mother made an oral motion for an appointed GAL or custody evaluator, which the Family Court denied; and the Family Court granted Father's Motion for Sole Custody, and permitted Mother to have three supervised visits a week.  There is no transcript in the record of this hearing.

Mother timely appealed the February 24, 2025 Custody Order.  On October 3, 2025, the Family Court entered findings of fact and conclusions of law (**FOFs/COLs**), and concluded that it

---

[2]	Mother's POEs do not state "where in the record the alleged error occurred" and "where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court or agency."  See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4). Mother's POEs are addressed to the extent they are discernible, under the public policy of affording liberal review of pleadings by self-represented litigants "to facilitate access to justice" and afford litigants the opportunity for appellate review despite their non-compliance with court rules.  See Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020) (citation omitted); Marvin v. Pflueger, 127 Hawaiʻi 490, 496, 280 P.3d 88, 94 (2012).

was in the best interest of the minor children that Father be awarded sole custody due to Mother's "substance use problem," "untreated mental health issues," and "difficult[y]" co-parenting with Father; and due to the presence of safety and educational concerns when the children were in Mother's care.

Regarding Mother's contentions regarding the denial of her request for court-appointed counsel,[3] the failure to appoint a GAL or custody evaluator, violation of due process and alleged bias by the Family Court, Mother does not cite to where in the record her requests were made or challenges otherwise preserved. With the exception of a notation that Mother's request for a GAL or custody evaluator was denied, the court minutes do not reflect Mother's remaining requests and challenges. Mother has not provided the transcript of the hearing. See HRAP Rule 10(b)(1)(A); Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995) ("The burden is upon appellant in an appeal to show error by reference to matters in the record, and he or she has the responsibility of providing an adequate transcript." (brackets and citations omitted)). There is nothing in the record to support Mother's arguments, and no basis upon which this court can conclude the Family Court erred or abused its discretion as to Mother's contentions.

As to Mother's contention that the Family Court failed to consider the best interests of the child factors under HRS §

_____

[3] Mother provides no authority establishing a right to court-appointed counsel outside of HRS Chapter 587A termination of parental rights context. See In re T.M., 131 Hawaiʻi 419, 421, 319 P.3d 338, 340 (2014) (holding that "parents have a constitutional right to counsel . . . in parental termination proceedings and that . . . courts must appoint counsel for indigent parents once [Department of Human Services] files a petition to assert foster custody over a child"). This was not a HRS Chapter 587A Child Protective Act proceeding involving foster custody by the State.

571-46(b), the Family Court's FOFs/COLs reflect consideration of those factors.

Under these circumstances, we conclude the Family Court did not abuse its discretion in its Custody Order.  See Fisher v. Fisher, 111 Hawaiʻi 41, 46, 137 P.3d 355, 360 (2006) ("Generally, the family court possesses wide discretion in making its decisions and those decision[s] will not be set aside unless there is a manifest abuse of discretion." (citation omitted)).

For the foregoing reasons, we affirm the February 24, 2025 Custody Order, filed by the Family Court of the Second Circuit.

Mother's October 16, 2025 motion for retention of oral argument is also denied.

DATED:  Honolulu, Hawaiʻi, October 29, 2025.

On the briefs:

N.W.,
Self-represented Respondent-
Appellant.

J.F.,
Self-represented Petitioner-
Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge